IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALBANY TOMORROW, INC., | : |
| Plaintiff, | : |
| vs | : 1:04-CV-172 (WLS) |
| ROBBINS, BELL & KREHER, ARCHITECTS, INC., f/k/a RBK ARCHITECTS, INC., | : |
| Defendant. | : |

**ORDER**

Presently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Verified Complaint (Doc. 28). Defendant moves the Court pursuant to Fed. R. Civ. P. 15(a) to dismiss Plaintiff's Amended Verified Complaint. (Docs. 28, 29; *see also* Doc. 27). Under Rule 15(a), "[a] party may amend [its] pleading once as a matter of course at any time before a responsive pleading is served...otherwise a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a) (emphasis added).

Defendant served its Answer and Counterclaim to Plaintiff's Complaint on February 15, 2005. (Doc. 25). Plaintiff served its Amended Verified Complaint on March 22, 2005 without either leave of court or the Defendant's consent. (Doc. 27). The Court's February 9, 2005 Discovery Order, which Plaintiff cites in support of its response, states in pertinent part:

> [T]he Court orders that the time limits...for amending the pleadings...are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified...
>
> 14. The parties shall have through and including the date the proposed Pretrial Order is filed to amend their pleadings. (Doc. 23)

The Discovery Order modifies the time limits, not procedural requirements, in which the parties, including Plaintiff, have to file for leave of court. As such, the Court's Order did not relieve Plaintiff of the burden of filing for leave to amend its Verified Complaint.

     Notwithstanding Plaintiff's failure to properly file for leave to amend, it is likely that had Plaintiff so filed, the Court would have granted leave to amend.  In its Amended Verified Complaint, Plaintiff seeks neither to assert new claims nor add new parties to the instant action. (Doc. 27).  In fact, Plaintiff seeks to omit a claim for compensation for lost profits and to make minor, non-substantive changes which would clarify Plaintiff's remaining claims.  (Docs. 27, 30).  Such amended claims would be of no surprise to Defendant.  Defendant could not therefore claim prejudice as to said amended complaint.

     Accordingly, the Court **GRANTS WITHOUT PREJUDICE** Defendant's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 28).   Plaintiff may properly request leave to amend within ten (10) days of this order.

     **SO ORDERED**,  this   22nd   day of December, 2005.

                                                   /s/W. Louis Sands  
                                                  **W. LOUIS SANDS, CHIEF JUDGE**  
                                                  **UNITED STATES DISTRICT COURT**